IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REMY SUANE,<br>#B52215,<br><br>       Plaintiff,<br><br>v.<br><br>DR. SHAH,<br>WEXFORD HEALTH,<br>DR. BROOKHART,<br>LAURIE CUNNINGHAM,<br>MRS. BROOKS,<br>ROB JEFFREYS,<br>ANDREA HOLSCHER,<br>DR. DEANA BROOKHART,[1] and<br>JOHN M. FROEHLICH,<br><br>       Defendants. | Case No. 21-cv-00213-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Remy Suane, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Suane claims that he is not receiving adequate medical care, specifically treatment for chronic pain. He requests monetary and injunctive relief. On June 24, 2021, Suane filed a Motion for Emergency Injunctive Relief. (Doc. 17). Before addressing the request for preliminary injunctive relief, the Court must conduct a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

---

[1] The Clerk of Court is **DIRECTED** to terminate "Dr. Deana Brookhart" as a defendant in the docket, as she is mistakenly listed twice by Suane as a defendant in the Complaint. A review of the Complaint reveals that Dr. Brookhart is listed once in the case caption and then twice in the "Additional Defendant(s)" section of the civil complaint form, once as "Dr. Brookhart" and then again as "Dr. Deanna Brookhart." (Doc. 1, p. 1-4). It is clear from the Complaint that this is the same individual, and she was listed twice in error.

Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Suane alleges the following in the Complaint:[2] Prior to incarceration, he was in a car accident in 2017, and as a result, he experiences chronic pain. (Doc. 1-1, p. 5). Suane entered IDOC custody in 2019 and was prescribed Norco 10/325 for his pain by Dr. Lynn Pittman. (*Id.* at p. 1). Suane took two tablets three times a day, and the medicine worked to effectively manage his pain. Dr. Lynn Pittman was eventually fired from Lawrence. (*Id.*). Wexford Health, the company contracted by IDOC to provide medical services, did not hire a fulltime doctor to replace Dr. Pittman. (*Id.* at p. 53). Rather, Dr. Shah, the fulltime doctor at Roberson Correctional Center, began treating inmates at Lawrence a few times a week, after normal working hours. (*Id.* at p. 41, 52).

Once Dr. Shah began treating inmates at Lawrence, in an effort to save costs, he replaced most of the name brand pain medications prescribed to inmates at Lawrence with cheap, less effective pain medication. (Doc. 1-1, p. 3-4, 8). Suane had his first appointment with Dr. Shah on August 12, 2020. (*Id.* at p. 1). During the visit, despite the fact that Suane's medication was working, Dr. Shah reduced his pain prescription by taking away the afternoon dose. (*Id.*). At some point, Dr. Shah stopped prescribing Norco 10/325 altogether and prescribed other ineffective and

---

[2] The Complaint is over 500 pages long, which includes allegations and exhibits. Suane has submitted this District's civil complaint form, which includes a "Statement of Claim" section. (Doc. 1, p. 11-13). Suane has also filed another document titled "Statement of Facts." (Doc. 1-1). The Statement of Facts is written as a 55 page journal accounting for daily events from August 2020 until February 2021 regarding his medical care. Construing the Complaint liberally, the Court will consider the factual allegations in the Statement of Facts to the extent they correspond to and are offered in support of the claims alleged in the Statement of Claim.

even dangerous medicines to treat Suane's pain. (Doc. 1, p. 11). Dr. Shah prescribed the medicine Pamelor and told Suane that it was to treat his pain. (Doc. 1, p. 12; Doc. 1-1, p. 33). Dr. Shah did not disclose to Suane that Pamelor is primarily used to treat depression and has dangerous side effects. (Doc. 1-1, p. 33-34, 45). Because Suane is bipolar, he began having dangerous side effects. He experienced suicidal and homicidal thoughts and became aggressive, angry, and irritable. (*Id.* at p. 35, 40). Suane told Dr. Shah of his side effects at an appointment on October 19, 2020. (*Id.* at p.41). He asked to be prescribed his previous pain medication, and Dr. Shah said that "they" are not allowing it anymore. (*Id.* at p. 42). Dr. Shah told Suane he would check with the psychiatrist at Lawrence to see what he could prescribe to Suane, but Suane never heard back and was not given a replacement pain medication. (*Id.*). After two months, Suane stopped taking the Pamelor, and his side effects slowly stopped. (*Id.* at p. 40).

In November 2020, Dr. Shah prescribed Robaxin, meloxicam, and acetaminophen to be taken twice daily, and in January 2021, Dr. Shah prescribed Tylenol and ibuprofen. (Doc. 1-1, p. 46, 49). These medicines also did not provide relief. Suane again asked for medicine to treat his pain at an appointment on February 5, 2021. (*Id.* at p. 51). He told Dr. Shah that the pain medicine prescribed did not work. Dr. Shah said there was nothing he could do because the FDA was not allowing them to prescribe the requested medication. Dr. Shah also informed Suane that another doctor was hired to work at Lawrence and would be starting in a couple of weeks. Dr. Shah stated that maybe she would prescribe Suane the pain medication he wants. (*Id.*).

Since being treated by Dr. Shah, Suane has not received proper treatment for his chronic pain and other related health issues, including swelling and discoloration in the lower left side of his abdomen, difficulties urinating, and pain in his lungs. (Doc. 1-1, p. 48, 50-51). Suane's conditions remain untreated, and he experiences constant pain, unable to perform daily tasks. (Doc. 1-1, p. 4).

## PRELIMINARY DISMISSALS

Suane claims that for over six months Lawrence did not have a fulltime doctor on staff who was at the facility forty hours a week, which resulted in inadequate healthcare. (Doc. 1, p. 12; Doc. 1-1, p. 41). Because Dr. Shah only spent a few hours each week at Lawrence, it was impossible for him to attend to or even address all the inmates' issues. Suane asserts that Wexford Health is liable for not ensuring that Lawrence had an adequate number of medical staff. (Doc. 1-1, p. 53). He also attempts to hold John Froehlich, the vice president of Wexford Health, liable because there is no way Froehlich "did not know there [was not a] full time doctor here at Lawrence." (Doc. 1, p. 13).

This allegation is insufficient to assert liability under Section 1983. Under the Eighth Amendment, inmates are entitled to constitutional medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Medical and prison staff cannot act with deliberate indifference to the serious medical needs of inmates. Conduct meets the deliberate indifference standard when a defendants acts "in an intentional or criminally reckless manner." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Based on this standard, intentionally staffing a correctional facility with only a part-time medical doctor, alone, does not violate the constitution, even if such act is contrary to state law or IDOC policy. *See Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003). Suane does not allege, nor can it be inferred, that he received inadequate care because there was not a fulltime doctor at Lawrence. Rather, he asserts his harm has resulted from Dr. Shah's continuous denial of effective pain medication. From August 2020 until filing the Complaint in February 2021, Suane was seen by Dr. Shah approximately once a month[3] and by other medical staff, including nurses and nurse

---

[3] Suane saw Dr. Shah on August 12, 2020, September 7, 2020, October 19 , 2020, November 8, 2020, sometime in December 2020, and February 5, 2021. (Doc. 1-1, p. 41, 46, 48-50). He states, "Because [I] see nurses, nurse practitioners, and the [doctor] what good is that if they cannot give me the medications [I] need to stop the [pain]." (*Id.* at p. 47).

practitioners, in between those doctor visits. (*Id.* at p. 47). While the adequacy of care provided during these medical visits is in question, Suane was regularly seen by a medical professional. To the extent other inmates were harmed because of inadequate staffing of medical professionals at Lawrence, Suane cannot assert the rights of other inmates, and those claims are not properly in this suit. *See* 28 U.S.C. § 1654. Because Suane was not harmed by the alleged understaffing of medical personnel at Lawrence, these claims are dismissed without prejudice. Because there are no other claims brought against John Froehlich, he shall be dismissed without prejudice.

Suane also makes general allegations regarding the inadequacy of the medical staff and the untimeliness of "medline" and receipt of prescription refills. (Doc. 1-1, p. 7, 41, 53). These claims, however, are not asserted against a specific Defendant and are also dismissed.

**DISCUSSION**

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Shah, Dr. Brookhart, Laurie Cunningham, Mrs. Brooks, and Rob Jeffreys for denying Suane adequate treatment for his chronic pain and related medical issues.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health for denying Suane adequate treatment for his chronic pain and mental health conditions.
>
> **Count 3:** State law medical negligence/malpractice claim against Dr. Shah, Dr. Brookhart, Lauri Cunningham, Mrs. Brooks, Rob Jeffreys, and Wexford for denying Suane adequate treatment for his chronic pain and related medical issues.
>
> **Count 4:** Health Insurance Portability and Accountability Act (HIPAA) claim against Dr. Shah for the disclosure of Suane's private medical information.
>
> **Count 5:** Claim against Andrea Holsher for refusing to release Suane's medical records.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[4] pleading standard.**

### Count 1

To state an Eighth Amendment claim based on the denial of medical care, a plaintiff must plead facts sufficient to show that (1) his medical condition was sufficiently serious, and (2) the defendants acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017); *see also Cooper v. Casey*, 97 F.3d 914 (7th Cir. 1996).

Suane alleges that Dr. Shah ceased prescribing medication that was effectively treating his pain for nonmedical reasons and began treating his pain with ineffective and even dangerous medications. Despite continuous complaints, Dr. Shah is now not prescribing Suane any medication for his pain. (Doc. 1, p. 11). He also claims that he has been suffering from related health issues, such as swelling and discoloration in his lower abdomen, difficulties urinating, and lung pain, that have gone untreated. These claims are sufficient for Count 1 to proceed against Dr. Shah.

Furthermore, Suane claims that he notified the warden, Dr. Brookhart, the medical administrator, Laurie Cunningham, the director of nursing, Mrs. Brooks, and the IDOC director, Rob Jeffreys, that he was receiving inadequate treatment for his chronic pain and that they have not acted to ensure he receive proper care. (Doc. 1, p. 11). Count 1 will also proceed against these Defendants. *See Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015)*.*

---

[4] *See Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (a claim must state "enough facts" to be "plausible on its face").

## Count 2

For Wexford Health to be liable, Suane must plead that a Wexford Health policy caused the deprivation of his Eighth Amendment right. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

That is exactly what he alleges here. Suane claims that Wexford Health is in control of the medication inmates can be prescribed by medical providers at IDOC facilities and considers costs when approving medicines, regardless of efficacy. (Doc. 1-1, p. 10, 15, 35). Because of this policy, Norco 10/325, prescribed to treat Suane's chronic pain, and Klonopin, prescribed to treat his mental health illnesses, were replaced with cheaper, less effective medicines. (*Id.*). Count 2 will proceed against Wexford Health.

## Count 3[5]

In order to bring a negligence claim under Illinois state law, a plaintiff must allege facts suggesting that the defendant owed him a duty of care, breached the duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). The allegations are sufficient to support a negligence claim against Dr. Shah, Dr. Brookhart, Lauri Cunningham, Mrs. Brooks, Rob Jeffreys, and Wexford Health, as Dr. Shah's employer.[6]

However, Suane has not provided the affidavit and medical report, as required under Illinois state law. *See* 735 ILCS § 5/2-622. To survive summary judgment, Suane is warned that he must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit. *See*

---

[5] Because Suane's allegations of medical negligence derive from the same facts as his Eighth Amendment deliberate indifference claims, this Court will exercise supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(a); *Wisc. v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).

[6] *Respondeat superior* liability is recognized under Illinois state law.

*Young v. United States*, 942 F.3d 349 (7th Cir. 2019). His failure to do so is not dispositive of his claim at this point, so Count 3 shall proceed against Defendants.

**Count 4**

The Health Insurance Portability and Accountability Act ("HIPAA") prohibits the disclosure of a patient's medical information without his consent. *See* Pub. L. No. 104-191, 110 Stat. 1936 (1996). However, the statute does not create a private right of action to enforce this substantive prohibition, and the Seventh Circuit has held that HIPAA does not confer individual enforcement rights, either express or implied. *See Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). *See also Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010). Therefore, Count 4, Suane's claim for the unlawful disclosure of private medical information shall be dismissed with prejudice. (*See* Doc. 1-1, p. 1, 12, 13).

**Count 5**

Suane claims that he sent several requests to the medical records office, and the medical records director, Andrea Holscher, has refused to release his medical records because the documents will show that Dr. Shah prescribed Suane a dangerous drug, Pamelor. (Doc. 1, p. 11; Doc. 1-1, p. 44-45).

To the extent Suane is claiming an independent constitutional violation, Holscher's refusal to produce medical records does not violate a constitutionally established right. *See Allen v. Asselmeier,* No. 15-cv-334-NJR-DGW, 2016 WL 5341189, at *5 (S.D. Ill. Sept. 23, 2016) (noting that the Court is not aware of any constitutional right to view medical records); *Kimmel v. Jackson Cty., Il.* No. 11-cv-01146-MJR, 2012 WL 3262903, at *6 (S.D. Ill. Aug. 9, 2012) (finding that a claim based on the prison's denial to release medical records did not implicate any constitutional right held by the plaintiff).

If Suane is alleging civil conspiracy, this claim also fails. Conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) (citing *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000)). Allegations of a conspiracy are held to a higher pleading standard than other allegations. *Geinosky v. City of Chic.*, 675 F.3d 743, 749 (7th Cir. 2012). Thus, mere conclusions and allegations suggesting there is only a suspicion of a conspiracy do not suffice.

Here, the Complaint contains only conclusory statements that Holscher refused to produce Suane's medical records "because they show Dr. Shah[']s neglect." (Doc. 1, p. 11). Without more supporting factual detail inferring Holscher's involvement in the denial of adequate care, Suane has failed to plead a claim for conspiracy. *Redd v. Nolan,* 663 F. 3d 287, 292 (7th Cir. 2011) (noting that the "complaint includes not a whiff of a conspiratorial agreement or any improper complicity between" defendants). Accordingly, Count 5 is dismissed without prejudice.

## MOTIONS TO SUPPLEMENT

Prior to screening the Complaint, on March 19, 2021, Suane filed two motions seeking to supplement the Complaint with additional exhibits. (*See* Doc. 10). Although the Court typically does not allow piecemeal additions to complaints, the Court granted the motions but advised Suane that the additional allegations contained in the new filings do not amend or supplement the claims in the Complaint. Suane has since filed three additional motions seeking to add exhibits to the Complaint, along with factual allegations regarding those exhibits. (Docs. 14, 15, 16). The motions are denied. The Court will not continue to allow Suane to add to the Complaint in an incremental fashion. Defendants have not yet been served, and Suane has already provided hundreds of pages of exhibits. "It is not necessary that a plaintiff provide evidentiary support to satisfy the Federal Rules of Civil Procedure requirement of 'a shot and plaint statement of the claim.'" *Jones v. Experian Info. Sols., Inc.,* No. 14-10218-GAO, 2015 WL 13688629, at *1 (D. Mass. June 2, 2015).

The additional exhibits are unnecessary at this early stage in the case, and the motions are denied.

The Court will, however, allow Suane to supplement his Complaint with a new signature page. (Doc. 11). Suane seeks to add a new signature page that is dated February 11, 2021, as the Complaint was not dated when it was originally signed and filed. The Motion to Amend is granted.

### MOTION TO RECONSIDER

Suane asks the Court to reconsider its previous Order denying his request to subpoena medical records from a private surgical center, Dr. Stams Carle Plastic Surgery. (Doc. 13). He argues he is legally entitled to these medical records, and they are required for demonstrating the severity of his injury. Suane has not presented any errors of law of fact on the part of the Court or presented newly discovered evidence warranting reconsideration. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). He only restates arguments previously rejected or that could have been presented in his initial motion for subpoena. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Ahmed v. Ashcroft,* 388 F. 3d 247, 249 (7th Cir. 2004). As the Court previously explained, the motion is premature. Defendants have not been served and discovery has not yet commenced. Once Defendants have entered their appearance and filed responsive pleadings to the Complaint, the Court will enter an order providing instructions and deadlines for discovery. Then Suane may seek relevant discovery through the issuance of a subpoena on a nonparty.

### MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Suane has also filed a Motion for Emergency Injunctive Relief. (Doc. 17). He states that Lawrence is doing mass transfers due to a security level change of the facility. Due to the severity of his pain, there is no possible way he can handle the pain of a long bus ride. The transfer could cause further injuries to his back and to the lump in his lower abdomen. He asks the Court to order an adjustment in his pain medication and to order Defendants to transfer him in an IDOC van, to

ensure he experiences the least amount of pain possible when being transported to a new facility.

The request for a preliminary injunction will remain pending until Defendants have been served. **Defendants are ordered to respond to the request for a preliminary injunction within 14 days of service of the pleadings in this case**, at which point the Court will determine the need for a hearing on the motions requesting a preliminary injunction.

### MOTION FOR RECRUITMENT OF COUNSEL

Suane has filed a Motion for Recruitment of Counsel (Doc. 18), which is denied.[7] Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." Suane has paid his full filing fee and did not provide with his motion for counsel any recent financial documentation. Thus, the Court has no way to determine that Suane is unable to afford counsel as is required by Section 1915(e). Because Suane has not demonstrated indigency, the Court will not consider recruiting counsel on his behalf at this time.

### DISPOSITION

For the reasons provided, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Dr. Shah, Dr. Brookhart, Laurie Cunningham, Mrs. Brooks, and Rob Jeffreys, **COUNT 2** shall proceed against Wexford Health, and **COUNT 3** shall proceed against Dr. Shah, Dr. Brookhart, Laurie Cunningham, Mrs. Brooks, Rob Jeffreys, and Wexford. **Count 4 is DISMISSED with prejudice** and **COUNT 5 is DISMISSED without prejudice.** Because there are no surviving claims against Andrea Holscher and John M. Froehlich, they are **DISMISSED** without prejudice, and the Clerk of Court is directed to **TERMINATE** them as Defendants. The Clerk is further directed to **REMOVE** "Dr. Deana Brookhart" as a Defendant in the docket, as this name was listed twice by Suane in the Complaint in error.

---

[7] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

The Motion for Recruitment of Counsel (Doc. 18), the Motion for Reconsideration (Doc. 13), and the Motions to Enter New Evidence (Docs. 14, 15, 16) are **DENIED**. The Motion to Amend Original Complaint (Doc. 11) is **GRANTED.** The Motion for Emergency Injunctive Relief (Doc. 17) shall remain pending. Defendants are **ORDERED** to respond to the request for a preliminary injunction within **14 days** of service of the pleadings in this case

The Clerk of Court shall prepare for **Dr. Shah, Wexford Health, Dr. Brookhart, Laurie Cunningham, Mrs. Brooks,** and **Rob Jeffreys**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Suane. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Suane, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

Finally, Suane is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate hus whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 28, 2021**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Suane is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Suane need not submit any evidence to the Court at this time, unless otherwise directed by the Court.