IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REMY SUANE,**
**#B52215,**

          **Plaintiff,**      Case No. 21-cv-00213-SPM

v.

**DR. SHAH,** *et al.***,**

          **Defendants.**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for emergency injunctive relief (Doc. 17) and motion to reconsider appointment of counsel (Doc. 30) filed by Plaintiff Remy Suane. For the following reasons, both motions are denied.

### MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Plaintiff Remy Suane, an inmate of the Illinois Department of Corrections ("IDOC"), commenced this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Suane claims that he is not receiving adequate medical care, specifically treatment for chronic pain. At the time of filing the Complaint, Suane was incarcerated at Lawrence Correctional Center ("Lawrence").

On June 24, 2021, Suane filed a motion for emergency injunctive relief. (Doc. 17). In the motion, Suane claims that Lawrence is doing mass transfers due to a security level change of the facility. Because of the severity of his pain, he argues there is no possible way he can handle a painful long bus ride to a new facility. The transfer could cause further injuries to his back and to the lump in his lower abdomen. Suane asks the Court to order an adjustment in his pain medication and to order Defendants to transfer him in an IDOC van in order to ensure he experiences the least

amount of pain possible when being transported to a new facility. On July 29, 2021, Suane informed the Court that he had been transferred to Centralia Correctional Center ("Centralia"). (Doc. 27).

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). Because preliminary injunctive relief is "an extraordinary and drastic remedy," it should not be granted "unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis in original). Additionally, in the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683.

Suane asks the Court to direct staff at Lawrence to modify his pain medication and to transfer him in an IDOC van in order to reduce his pain during the imminent prison transfer. Suane has informed the Court, however, that he is no longer at Lawrence and has already been transferred. A preliminary injunction "must be issued prior to the event the movant wishes to prevent." *Transp. Workers Union of Am., AFL-CIO, Local Unions  v. Transp. Workers Union of Am.*, *AFL-CIO, Int'l Union,* 732 F. 3d 832, 834 (7th Cir. 2013) (citations omitted). *See also Norfleet v. Baldwin,* No. 18-cv-1524-SMY-RJD, 2019 WL 1487277, at *2 (S.D. Ill. Apr. 4, 2019) (finding as moot the request for a medical permit when the defendants had already provided such permit during the disposition of the motion). As Suane has already been transferred, the request for a preliminary

injunction is now moot. The motion is therefore denied.

### MOTION TO RECONSIDER APPOINTMENT OF COUNSEL

On June 28, 2021, the Court denied Suane's motion for recruitment of counsel. (Docs. 18, 19). Suane has paid the full filing fee in this case and did not provide any financial documentation to the Court that he was indigent. Suane now asks the Court to reconsider the order. He argues that he has severe mental illness, a sixth grade education, and a low IQ score. Suane states that he was only able to bring this case because he had assistance of a former cellmate. He also claims he did not know that he needed to present financial records for consideration when filing the motion and will attempt to obtain his financial records for the previous six months.

The Court's order denying the motion for recruitment of counsel was correct as to the law and facts. Federal law gives discretion to the Court to request counsel to represent only those persons who are "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Suane has not submitted any documentation to Court regarding his financial status. Thus, there is no basis for the Court to conclude he is unable to afford counsel. The motion to reconsider is denied. Once Suane obtains financial documentation, such as a copy of his trust fund records for the previous six months, he may refile his motion for counsel.

### DISPOSITION

**IT IS THEREFORE ORDERED**, the motion for emergency injunctive relief (Doc. 17) filed by Plaintiff Remy Suane is **DENIED** as moot. The motion to reconsider (Doc. 30) filed by Plaintiff Remy Suane is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED:   August 6, 2021**

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**