IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REMY SUANE,
#B52215,

        Plaintiff,

v.

DR. SHAH, *et al.*,

        Defendants.

Case No. 21-cv-00213-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on various motions filed by Plaintiff Remy Suane.

**I. Motion for Status (Doc. 80) and Motion Requesting Information (Doc. 88)**

The motion for status is **DENIED**. Suane asks the Court questions regarding the exhaustion of his administrative remedies and whether he has done so correctly. While Defendants Brookhart, Cunningham, and Jeffreys have filed a motion for summary judgment on the issue of exhaustion, Defendants Shah and Wexford Health Sources, Inc. ("Wexford") have until March 18, 2022, to file a motion. After Defendants Shah and Wexford file their motion for summary judgment, Suane will then have thirty-three days to file a response. Once the issue is fully briefed as to all Defendants, the Court will then address whether Suane properly exhausted his administrative remedies or whether the process was unavailable to him.

Suane also claims he is being harassed by a medical worker named Fogerson. Fogerson has written Suane four disciplinary tickets for failure to report for medication. He asks for a cease and desist order to be placed against Fogerson in order to stop her harassment. Suane claims it is highly possible that he is being harassed because of this lawsuit. Fogerson is not a defendant in this case. Thus, the Court does not have jurisdiction to enjoin any of her conduct.

The motion for information is **GRANTED in part**. (Doc. 88). In the motion, Suane states that when filing his Complaint, he submitted 584 pages to the Courts. (Doc. 88). He has also submitted other documents into the record that he feels demonstrates he exhausted his administrative remedies. Suane asks the Court if it has received his documents. He also asks to file an additional 50 pages of medical records and statement of facts.

The Court received Suane's Complaint on February 23, 2021. The Complaint is 558 pages and includes a statement of facts section and exhibits. On March 19, 2021, as a courtesy, the Court allowed Suane to file the additional exhibits. He was warned, however, that in the future, in order to amend the Complaint, he must file an amended complaint, which is a single document with all claims against all defendants and include all exhibits. Suane was advised that he cannot not add exhibits to the Complaint in a piecemeal fashion. Suane then attempted to file additional exhibits on May 11, June 3, and June 24, 2021. These motions were denied. (Doc. 19). Suane again was told that he could not supplement the Complaint, and that additional exhibits were unnecessary at this stage in the case.

For these same reasons, Suane will not be allowed to add 50 more pages of statement of facts and medical records. All that is required when initiating a civil lawsuit is a "short plain statement," and exhibits and evidence is not necessary at this stage. *See* FED. R. CIV. P. 8. Suane has provided more than enough information and has sufficiently stated claims against Shah, Brookhart, Cunningham, Jeffreys, and Wexford. (*See* Doc. 19).

As for the issue of exhaustion, if Suane disagrees with any of the assertions in the motions for summary judgment filed by Defendants, then he may present such arguments in a response brief.

**II. Motions for Recruitment of Counsel (Doc. 85, 100)**

Suane has filed his fourth and fifth motions asking for the Court to recruit counsel to

represent him in this matter. (Doc. 85, 100). In the motions, Suane reiterates similar arguments previously considered by the Court. (*See* Doc. 18, 44, 65). He again claims he cannot represent himself because he only has a fifth grade level of education and suffers from severe mental illnesses, including PTSD and severe anxiety. He also restates that he has been transferred from Lawrence Correctional Center to Centralia Correctional Center, and he no longer has the help of a certain jailhouse lawyer who had previously aided him in drafting the Complaint and motions. Suane argues that Centralia has implemented a medical quarantine and so, he cannot visit the law library. He must instead request specific cases from the law librarian, hindering his ability to conduct research.

For the first time, Suane states he has limited supplies, including writing paper, pens, and stamps. He also argues that based on Defendants' response to his motion for preliminary injunction, it is clear he will need an expert and assistance in obtaining evidence, including medical records from a private provider.

As Suane has been advised. This case is still in the early stages, and the summary judgment motions on exhaustion of administrative remedies have not yet been addressed. Therefore, discovery on the merits has not commenced. Although Suane would like counsel in order to obtain an expert for the purposes of his pending preliminary injunction motion, the motion has been fully briefed and the Court does not require further evidence at this time. As previously stated, despite the many obstacles faced by Suane as a *pro se* litigant, he continues to demonstrate he is more than capable of prosecuting his claims at this point in the litigation. He supports his arguments with legal citations and has no difficulty in communicating and clearly expressing his needs to the Court and responding to motions filed by Defendants. Thus, the motions are **DENIED.**

**IV. Motion to Compel (Doc. 89)**

Suane asks the Court to Compel Defendants to produce initial disclosures. He states that

as of January 18, 2022, he has not been provided any documents. He requests a subpoena for all his medical documents, including medical notes, medical prescriptions, and medical and mental health records for November 5, 2019 through July 21, 2021. Suane also seeks to compel production of the video footage from his mental health visits from July 21, 2021 through December 31, 2021.

The motion is **DENIED**. As to initial disclosures, Defendants state that they mailed the discovery to Suane on January 3, 2022. The Court assumes that Suane did not timely receive the disclosures due to delays in the United States Postal Service and prison institutional mail systems. If Suane still has not received a copy of the initial disclosures, he is to first communicate directly with Defense counsel prior to involving the Court in any discovery disputes. *See* FED. R. CIV. P. 37(a)(1).

As for the other discovery, such as video footage or medical records not produced in initial disclosures, discovery on the merits of this case is stayed until issue of whether Suane has exhausted his administrative remedies has been resolved. Once the stay has been lifted, Suane can request these documents directly from Defense Counsel through normal discovery procedures. A subpoena is not required.

**V. Motion to Correct (Doc. 101)**

The motion to correct his response to the motion for summary judgment filed by Defendants Brookhart, Cunningham, and Jeffreys is **GRANTED**. The Court takes notice that Suane intended to write "PLRA," rather than "PLRN."

**IT IS SO ORDERED.**

**DATED: March 7, 2022**

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**