IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| REMY SUANE, #B52215,  Plaintiff,  v.  DR. SHAH, *et al.*,  Defendants. | Case No. 21-cv-00213-SPM |

### MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on several motions filed by Plaintiff Remy Suane. Suane, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center ("Centralia"), commenced this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that occurred while housed at Lawrence Correctional Center ("Lawrence"). Following a review of the Complaint pursuant to 28 U.S.C. § 1915A, Suane is proceeding with the following claims:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. Shah, Dr. Brookhart, Laurie Cunningham, and Rob Jeffreys for denying Suane adequate treatment for his chronic pain and related medical issues.

**Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health for denying Suane adequate treatment for his chronic pain and mental health conditions.

**Count 3:** State law medical negligence/malpractice claim against Dr. Shah, Dr. Brookhart, Laurie Cunningham, Rob Jeffreys, and Wexford for denying Suane adequate treatment for his chronic pain and related medical issues.

On July 29, 2021, Suane notified the Court that he had been transferred to from Lawrence to

Page 1 of 9

Centralia. (Doc. 27). A few months later, in October, he filed a motion for medical injunctive relief. (Doc. 61). Suane requested an order from the Court directing that he be taken for a new CT scan and be seen by a new doctor for a second opinion regarding treatment for his hernia. He stated that the previous surgeon recommended that he lose weight prior to surgery and, for unexplained reasons, he is unable to do so. He also complains that the physician who is currently treating him at Centralia, Dr. Myers, is not refilling his pain medication. Because Suane sought relief from individuals who are not parties to this lawsuit, the Court denied the motion. (Doc. 63).

On November 29, 2021, Suane filed the motion for preliminary injunction that is currently before the Court. (Doc. 75). The Court directed the warden of Centralia to be added to the docket for the purposes of implementing any preliminary injunctive relief that may be ordered. Defendants were directed to file responses to the motion, which they did. (Doc. 77, 83, 84). Suane then filed a reply brief. (Doc. 87).

Suane has also filed a motion requesting a decision for injunctive relief (Doc. 103), amended motions requesting a decision for injunctive relief (Doc. 105, 109), a motion requesting that Wexford cease harassment through its medical staff (Doc. 110), an amended motion for change of venue (Doc. 116), a motion requesting change of venue (Doc. 120), and a letter addressed to Chief Judge Rosenstengel (Doc. 121).

### MOTION FOR PRELIMINARY INJUNCTION[1]

Suane alleges that prior to incarceration, he was in a car accident in 2017. As a result, he experiences chronic pain.(Doc. 1-1). While at Lawrence, prior to treatment by Defendant Dr. Shah, Suane was treated by Dr. Pittman, who prescribed him hydrocodone for pain. Suane claims this

---

[1] The motion requesting a decision for injunctive relief (Doc. 103) and the amended motions requesting a decision for injunctive relief (Doc. 105, 109) are the same motion filed three separate times. Suane states that when attempting to file the motion, staff did not scan the front and back pages. Doc. 109 is the corrected complete motion. Thus, Doc. 103 and 105 are **DENIED as moot.** To the extent Suane is seeking an order from the Court on his motion for preliminary injunction, Doc. 109 is **GRANTED** in light of this Order.

medication was working. After Dr. Pittman ceased working at Lawrence, Suane began being treated by Dr. Shah. In August 2020, Dr. Shah started reducing his hydrocodone prescription. Eventually, Defendant Dr. Shah ceased prescribing Suane hydrocodone all together, even though, hydrocodone had been effectively treating his pain. Dr. Shah then started treating his pain with ineffective medications and even a dangerous medication, Pamelor. Suane asserts that Wexford is in control of the medication prescribed to inmates by the medical providers at IDOC facilities and considers costs when approving medicines, regardless of efficacy. Because of this policy, medication that worked to treat his pain, hydrocodone, and mental health illness, Klonopin, were replaced with cheaper, less effective medicines.

In his motion for preliminary injunction, Suane claims that at his current facility, Centralia, Wexford has taken away his pain medication, and he is in so much pain he can barely function, sit up, and walk. (Doc. 75). As a result, he is missing meals. The warden at Centralia, a grievance officer, and a counselor have requested for his medication to be refilled, but Wexford staff refuse to comply with the requests. Suane states that the sick call slips he has submitted have gone unanswered. He also asserts that his mental health medication, Klonopin, has also been discontinued. Suane asks the Court to intervene to ensure he receives the medical care he needs and order that he be seen by a pain management specialist. (Doc. 87, p. 13).

In response, Defendants argue that because Suane no longer resides at Lawrence, the facility where the allegations of his Complaint occurred, the Court should deny his motion for preliminary injunction as moot. (Doc. 83, 84). Alternatively, they assert that the Court should deny the motion as Suane has not shown that he is likely to succeed on the meris of his claims or that he will suffer irreparable harm if preliminary injunctive relief is not granted.

In order to obtain preliminary injunctive relief, Suane must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists;

and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The Court finds that Suane's request for preliminary injunctive relief in connection with claims against Defendants Shah, Brookhart, Cunningham, Brooks, and Jeffreys is moot. (Counts 1, 3). In the Complaint, Suane claims he was not provided constitutionally adequate medical care by these individuals while housed at Lawrence. Since the initiation of this action, Suane has transferred to a new facility. (Doc. 27). "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot," unless the prisoner can show a realistic possibility of returning to the same prison and facing the same conditions. *Lehn v. Holmes,* 364 F. 3d 862, 871 (7th Cir. 2004). Suane expresses no such concerns, and his claims against these individuals relate solely to the events that occurred at Lawrence. Thus, the request for injunctive relief is dismissed as to Defendants Shah, Brookhart, Cunningham, Brooks, and Jeffreys.

The motion for injunctive relief is not moot, however, as to Wexford. (Counts 2, 3). Suane's claim against Wexford is that he is not being provided effective medication because of a Wexford policy requiring employees to consider cost of the medication over effectiveness when treating inmates. In his motion for preliminary injunction, Suane alleges that following his transfer to Centralia, he continues to be denied needed pain and mental health medication by Wexford staff pursuant to this same policy. (Doc. 75, 109). Thus, his claim against Wexford is not specific to Lawrence and is not mooted by his transfer. *See Lehn,* 364 F. 3d at 872.

That being said, the motion for preliminary injunction is denied. Suane has not demonstrated a likelihood of success on the merits of his Eighth Amendment deliberate

indifference claim against Wexford. In order for Suane to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). Suane's "showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020).

Suane has offered no evidence that treatment decisions by Dr. Shah or medical providers at Centralia were based on the cost of the medication in accordance with a Wexford policy, rather than the individual medical judgment of each provider. Suane claims that while at Lawrence Dr. Shah stated that he could not continue prescribing Suane hydrocodone because the "FDA would not allow him to give [Suane] this medication." (Doc. 87, p. 6). Likewise, the medical records indicate that Dr. Myers did not renew Suane's hydrocodone prescription for similar reasons. After being transferred to Centralia, Dr. Myers informed Suane that he would not renew the hydrocodone prescription due to addiction, risk of fractures, mental illness, reduced absorption of nutrients, and the FDA and CDC not recommending hydrocodone for long term use. (Doc. 83-1, p. 59). On November 23, 2021, Suane met again with Dr. Myers, who made the determination to treat Suane's pain with Tylenol and Naprosyn. At the appointment, Dr. Myers spoke to Suane of the problems with long term narcotic use. (Doc. 83-1, p. 68). Nothing in the medical record indicates that the prescription decisions were based on cost.

Furthermore, based on his reply brief, Suane does not know the cost of the various medications he has been prescribed or that Hydrocodone and Klonopin are in fact more expensive drugs than the medicine he has been given in their stead. (Doc. 87, p. 10). Thus, there is no evidence

to support the argument that Suane has been denied hydrocodone or Klonopin because of a Wexford cost saving policy.

In support of his motion, Suane points to the fact that other doctors, Dr. Pittman and Dr. Williams, have treated his pain at various times by prescribing hydrocodone. But this fact runs counter to the claim that Wexford has a policy of requiring all providers to consider cost over efficacy when prescribing medication, as Dr. Pittman and Dr. Williams are also Wexford staff and prescribed Suane hydrocodone. Rather, the different treatment decisions rendered by Dr. Pittman, Dr. Shah, Dr. Williams,[2] and Dr. Myers demonstrates a "difference of opinion among physicians on how an inmate should be treated," which does not meet deliberate indifference standards. *Norfleet v. Webster,* 439 F. 3d 392, 396 (7th Cir. 2006).

Because Suane has not demonstrated a reasonable likelihood of success on the merits of his underlying claim, the Court denies the motion for preliminary injunction as to Wexford.

### MOTION FOR WEXFORD MEDICAL HEALTH TO CEASE HARASSMENT

Suane claims that an individual named Kristy Fogerson has been mistreating him and writing him tickets since his arrival at Centralia. (Doc. 110). He states that even though Fogerson is not a defendant in this civil suit, she is an employee of Wexford, and Wexford and its staff are contracted to provide medical care for inmates.

Defendant Wexford filed a response stating that an individual named "Kristi Fogerson" is employed by the Illinois Department of Corrections as a Corrections Medical Technician and is not an employee of Wexford. (Doc. 117).

The Court has previously addressed Suane's complaints against Fogerson. He has been informed that because Fogerson is not a defendant in this action, the Court does not have

---

[2] Medical records indicate, and Suane does not contest, Dr. Williams noted she would not prescribe hydrocodone at the dosages previously prescribed because outside the prison system, practitioners can only prescribe seven days of narcotics with no refills. (Doc. 83-1, p. 48-49).

jurisdiction to enjoin any of her conduct. (Doc. 107). Additionally, the claims against Fogerson are for events that are occurring at Centralia. Suane is proceeding on claims for inadequate medical care that took place at Lawrence. Therefore, the allegations in the motion are outside the scope of the Complaint. As Suane has been advised, a motion requesting injunctive relief is not the proper way to amend a complaint to add new claims and defendants. (Doc. 63). Accordingly, the motion is **DENIED.**

### AMENDED MOTION FOR CHANGE OF VENUE

On March 15, 2022, Suane filed a Motion to Change Venue. (Doc. 111). The Court construed the motion as a request seeking recusal of the undersigned and denied the motion. (Doc. 112). On March 18, 2022, Suane filed the current Amended Motion for Change of Venue before the Court. (Doc. 116). He states that the first motion filed was not complete and was missing a page and has filed the missing page, page 2. Suane has refiled the Motion to Change Venue complete with page 2 at Doc. 120.

On page 2, Suane argues that he is seeking change of venue because the undersigned has shown bias against him. He contends the undersigned routinely sides with the Defendants and presides over several other cases where Wexford, represented by the firm Cassiday & Schade, is a defendant. Suane also states that the undersigned has refused to assign him counsel despite lacking resources, funding, and knowledge of the law.

None of these additional arguments demonstrate that the Court should reconsider its previous ruling denying the motion to change venue. *See* FED. R. CIV. P. 54(b). As stated, dissatisfaction with the rulings in this case is not a basis for recusal. (Doc. 112). Wexford, as the company contracted to provide medical care to inmates within IDOC, is a defendant in a number of cases before each judge in this District, not solely the undersigned. Again, this does not establish bias. Accordingly, to the extent Suane is asking the Court to reconsider its previous ruling based

on the newly filed page 2, the motions are **DENIED.** (Doc. 116, 120).

### LETTER TO CHIEF JUDGE ROSENSTENGEL

Suane has sent a letter addressed to Chief Judge Rosenstengel asking her to look into this case stating that he believes there is a conflict of interest because the defense attorneys in this case are appearing before the undersigned in other matters. (Doc. 121). He also argues that the undersigned is not fairly adjudicating this matter by granting every motion filed by defense counsel and denying all of his motions.

The Court construes the letter as another motion for recusal. Although the letter was addressed to Chief Judge Rosenstengel, "[m]otions for recusal are properly addressed only to the judge who is the object of the motion." *Martin-Trigona v. Gouletas*, 634 F. 2d 354, 355 n. 1 (7th Cir. 1980) (citing 28 U.S.C. §455). *See also Liteky v. United States*, 510 U.S. 540, 548 (1994) (noting that Section 455 "place [s] the obligation to identify the existence of [grounds for recusal] upon the judge himself"). Thus, it is appropriate for the undersigned to rule on the pending motion.

Again, Suane has not established a sufficient basis for recusal. *See* 28 U.S.C. § 144; 28 U.S.C. § 455 (a), (b). He disagrees with the undersigned's handling of the case but does not assert a set of facts supporting a conclusion of bias or personal prejudice. *Liteky,* 510 U.S. at 555 ("judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion"). Accordingly, the motion is denied.

### MOTION FOR LEAVE TO AMEND RESPONSE

Suane has filed a motion asking for leave to amend his responses to the motions for summary judgment based on failure to exhaust filed by Defendants. (Doc. 119). Suane seeks to add exhibits to his responses. The motion is **GRANTED.** The Court will consider these additional exhibits when ruling on the motions for summary judgment.

**DISPOSITION**

For the reasons provided above, the motion for preliminary injunction (Doc. 75) is **DENIED.** The Motions Requesting Decision (Doc. 103 and 105) are **DENIED as moot.** To the extent Suane is seeking an order from the Court on his motion for preliminary injunction, the Amended Motion Requesting Decision (Doc. 109) is **GRANTED** in light of this Order.

The Motion for Wexford to Cease Harassment (Doc. 110) is **DENIED.**

The Motions for Change of Venue (Doc. 116, 120) are **DENIED.** The Letter seeking recusal (Doc. 121) is **DENIED.**

The Motion for Leave to Amend Responses (Doc. 119) is **GRANTED.**

**IT IS SO ORDERED.**

**DATED: April 14, 2022**

                                                                              *s/Stephen P. McGlynn*
                                                                            **STEPHEN P. MCGLYNN**
                                                                            **United States District Judge**