IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REMY SUANE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DR. SHAH, *et al.,*<br><br>　　　　　Defendants. | Case No. 21-cv-00213-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on motions for summary judgment on the issue of failure to exhaust administrative remedies filed by Defendants Wexford Health Sources, Inc. ("Wexford"), Dr. Shah, Brookhart, Cunningham, and Jeffreys. (Doc. 94, 113). Plaintiff Remy Suane filed responses in opposition. (Doc. 99, 118). Defendants Wexford and Dr. Shah filed a reply. (Doc. 123). For the reasons set forth below, both motions for summary judgment are denied.

### BACKGROUND

Plaintiff Remy Suane, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, alleges his constitutional rights were violated while he was housed at Lawrence Correctional Center. Suane claims that since August 2020 he has been denied adequate care for mental and physical health conditions including chronic pain, swelling and discoloration in his lower abdomen, difficulties urinating, and lung pain. More specifically, he alleges that Dr. Shah refused to prescribe effective pain medication and even prescribed him a dangerous drug called Pamelor. He is proceeding with the following claims:

> **Count 1:**　　Eighth Amendment deliberate indifference claim against Dr. Shah, Brookhart, Cunningham, and Jeffreys for denying Suane adequate treatment for his chronic pain and related medical issues.

**Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health for denying Suane adequate treatment for his chronic pain and mental health conditions.

**Count 3:** State law medical negligence/malpractice claim against Dr. Shah, Brookhart, Cunningham, Jeffreys, and Wexford for denying Suane adequate treatment for his chronic pain and related medical issues.

(Doc. 19).

Defendants filed for summary judgment arguing that Suane failed to exhaust his administrative remedies prior to commencement of this suit, as required pursuant to 42 U.S.C. § 1997e(a).

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.,* 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

### II. Exhaustion of Administrative Remedies

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the

PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. The statutory purpose of the PLRA is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This allows the prison administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prison administration's solution does not fully satisfy the prisoner. *See Pozo,* 286 F.3d at 1023-24. To allow otherwise would frustrate the purpose of the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 526 (2002).

### III. Grievance Procedures

As an inmate in the custody of IDOC, Suane was required to follow the grievance procedure laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate is to file a grievance first with the counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> [C]ontain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to a grievance officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The grievance officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The grievance officer must submit his findings to the Chief Administrative Officer ("CAO") within two months after receiving the grievance. 20 ILL. ADMIN. CODe § 504.830(e). The CAO then reviews the findings and recommendation of the grievance officer and issues a written decision to the inmate. *Id.* If the inmate is not satisfied with the response, he can file an appeal with the Administrative Review Board ("ARB"). *See* 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days after the date of the decision by the CAO. *Id.* Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo,* 286 F.3d at 1023–24.

The grievance procedures do allow for an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the CAO who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. 20 ILL. ADMIN. CODE §504.840(a). If the CAO determines the grievance should be handled on an emergency basis, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him what action shall be taken. 20 ILL. ADMIN. CODE §504.840(b). If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE §504.840(c). When an inmate appeals a grievance deemed by the CAO to be an emergency, "the Administrative Review Board shall expedite processing of the grievance." 20 ILL. ADMIN. CODE §504.850(f).

DISCUSSION

***Grievances That Do Not Exhaust***

The Court first notes that several grievances that are relevant to the claims in this case were reviewed by ARB or submitted to Lawrence grievance officials *after* Suane filed this lawsuit on February 23, 2022. Grievances #8-20-34, #8-20-362, and #9-20-086 were reviewed by the ARB on February 24, 2022. (Doc. 96-1, p. 3, 13, 19). Grievance #90-20-64 was reviewed by the ARB on April 19, 2021, and Grievance #10-20-189 was reviewed by the ARB on May 11, 2021. (Doc. Doc. 96, p. 21, 35). Grievance #2-21-197 is dated February 17, 2021, and was not reviewed by a grievance officer until March 8, 2021. (*See* Doc. 99, p. 85). A few grievances regarding Suane's lack of medical care at Lawrence were filed after the commencement of this lawsuit. Grievance #3-21-113 was filed March 6, 2021, Grievance #3-21-152 was filed March 9, 2021, Grievance #3-21-205 was filed March 12, 2021; and Grievance #6-21-355 was not filed until June 24, 2021. (Doc. 99, p. 62; Doc. 99-1, p. 3, 15, 89).

It is well settled that claims must be administratively exhausted before a plaintiff files the complaint. *See Hoban v. Anderson*, 688 F. App'x 385, 389 (7th Cir. 2017); *Ford,* 62 F.3d at 397. Accordingly, none of these grievances can serve to exhaust Suane's claims.

There are also several grievances in the record in which Suane complains about instances of inadequate medical care that occurred prior to the events alleged in the Complaint. (*See* Doc. 99, p. 25, 29, 54, 67). Suane is proceeding on claims regarding unconstitutional conduct on behalf of Defendants that commenced once Dr. Shah began treating Suane in August 2020. Thus, these grievances also cannot serve to properly exhaust Suane's claims.

***Emergency Grievance #9-20-200***

Grievance #9-20-200, dated September 14, 2020, was filed as an emergency grievance. (Doc. 114-1, p. 38-39). In the grievance, Suane complains that in August the pain medication he

was prescribed has been "taken away." He states, "I am suffering great pain and swelling in my leftside and lower back so bad to where I cannot sleep or truly take care of my personal hygiene and personal welfare…" Suane claims that Dr. Shah gave him a different medication that does not treat pain but is a muscle relaxer, and Dr. Shah is "listening to people who just wanna save money on medications." He discusses his mental health needs and that around the time of submitting the grievance he "now" has been taken off of Klonopin by the new psychiatrist. Suane asserts he intends to "add" the new psychiatrist, Wexford Medical, and IDOC Lawrence C.C. Administration to a lawsuit because "you can't just change peoples medication out of the blue especially I have proof these medications, are the only medications that work…." Suane asks for Dr. Shah and the psychiatrist to be fired and states that they should not act as "robots of IDOC or Wexford." (*Id.*).

The grievance was determined to be an emergency by the chief administrative officer at the time, Warden Brookhart, and the grievance officer reviewed the grievance on September 28, 2020. (Doc. 114-1, p. 37). The grievance officer noted that the "pain medication issue is a duplicate to issue responded to in Grievance #8-20-362." As for Suane's mental health medication, the grievance officer recorded that Suane had been provided a reason for changing the anxiety medication, Klonopin, as it was not intended for long term use. Warden Brookhart concurred with the recommendation. (*Id.*). Suane appealed, and the ARB reviewed and denied the grievance on February 5, 2021. (*Id.* at p. 36). The ARB denied the grievance on procedural grounds stating that Suane had failed to specify the dates of the incidents alleged.

Defendants Dr. Shah and Wexford argue that this grievance cannot serve to exhaust Suane's claims against them as it contains insufficient details and does not meet the requirements of Section 504.810(c) of the Illinois Administrative Code. (Doc. 114). They contend the grievance officer did not review this grievance on the merits regarding Suane's complaint of denial of pain medication by Dr. Shah, finding the pain medication complaints were previously raised in another

grievance. Defendants point out that Suane does not discuss any particular Wexford policy or discuss what Wexford allegedly did to harm him. Accordingly, grievance does not contain factual details regarding each aspect of Suane's complaint, including what happened, when, where, and the name of each person who was involved.

The Court disagrees. The Grievance #9-20-200 adequately alerts prison officials to Suane's medical issues and meets the requirements of Section 504.810(c). Suane discusses that he is suffering from lower back pain and swelling and pain in his left side after his pain medication was discontinued in August by Dr. Shah. He states that around the time of submitting the grievance he no longer was being prescribed the only medication that worked to treat his anxiety. Both medical issues were current and continuing violations so there was no specific date for when the incident occurred. *See Wilder v. Sutton,* 310 F. App'x 10, 15 (7th Cir. 2009) (noting that the argument that the grievance was untimely was "frivolous" as the harm alleged was not a particular "'incident' but a continuing wrong");  *Billups v. Butalid,* No. 16-cv-84-DGW, 2017 WL 4284544, at *4 (S.D. Ill. 2017) (finding that the ARB wrongly denied a grievance as untimely when it did not consider the content of the grievance stating that the plaintiff's medical issues were "on-going problems"). Suane specifically names both Dr. Shah and Wexford in the grievance, and it is clear that he believes that not only are the medical providers responsible for his inadequate treatment, but also the officials in charge, Wexford and IDOC Administration. *See Loving v. Gomez,* No. 19-cv-00029, 2022 WL 3026932, at *4 (N.D. Ill. Aug. 1, 2022) ("when a Wexford policy or practice is at issue, 'grieving activities for which Wexford was responsible and/or involved in the decision-making process are generally sufficient to put the prison on notice that the plaintiff was grieving a Wexford policy or practice.'" (quoting *Diaz v. Baldwin*, No. 18-CV-1426-RJD, 2021 WL 1401463, at *3 (S.D. Ill. Apr. 14, 2021)). No further details were required.

Suane also followed all the steps required to exhaust Grievance #9-20-200. While the

grievance officer did not address the pain medication complaints because they had already been grieved, the grievance was not denied on those grounds. The grievance was ultimately denied on the merits of Suane's complaints about his mental health medication. *See Maddox v. Love,* 655 F. 3d 709, 722 (7th Cir. 2011) (when prison officials address an inmate's grievance on the merits, without rejecting it on procedural grounds, "the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."). Suane appealed to the ARB, and the ARB's denial of the grievance based on a lack of dates also does not render the grievance unexhausted. A "prisoner's remedies are exhausted when a Grievance Officer addresses a grievance on its merits, but the ARB later examines the grievance on procedural grounds and cures the Grievance Officer's error. *See Shakur v. Swalls,* No. 20-cv-00042-GCS, 2021 WL 3603490, at *3 (S.D. Ill. Aug. 13, 2021) (collecting cases).

As Grievance #9-20-200 provided proper notice of Suane's issues to prison administration and was filed in accordance with grievance procedures, the grievance serves to exhaust Suane's claims against Dr. Shah and Wexford. The motion for summary judgment is denied. (Doc. 113).

The Court further finds that Grievance #9-20-200 serves to grieve Suane's claims against Health Care Administrator Cunningham, Warden Brookhart, and Director Jeffreys. As to Cunningham, Defendants argue that even though Suane mentions Cunningham in the grievance, he does not provide any dates or details regarding wrongdoing on the part of Cunningham. As discussed above, Suane provides enough information that the timeline for his medical issues is not ambiguous, and it is clear it was an ongoing concern. Additionally, Suane writes in the grievance that his sister contacted Cunningham regarding not receiving adequate care for his pain. He states his sister will not "quit until he receives proper care" and goes on to say that he is going to add "IDOC Lawrence C.C. Administration" to the lawsuit because "you can't just change peoples medication out of the blue." Again, the Court finds that the grievance adequately alerts the prison

that Suane is grieving the conduct of administrative officials, including Cunningham, not just the acts of medical providers for the denial of needed medical care.

As to Warden Brookhart and Director Jeffreys, Suane underlying claims against these Defendants is that he wrote letters and grievances to them about his continued pain and nothing was done to correct his medical care. (*See* Doc. 1-1, p. 40, 44). Suane is not required to file successive grievances raising the same issues if the conduct continues. *See Turley v. Rednour,* 729 F.3d 645, 650 (7th Cir. 2013). Grievance #9-20-200 alerted prison officials that Suane's medication had been "taken away" by Dr. Shah, and he was continuing to experience pain and swelling in his left side. The grievance gave an opportunity for to officials to resolve his complaints without litigation and before more individuals became involved. Suane did not need to file a new grievance each time a new person continued to deny or ignore his requests for adequate medical treatment. *See Barrow v. Wexford Health Sources, Inc.,* No. 14-CV-800-NJR-DGW, 2015 WL 5010104, at *4 (S.D. Ill. Aug. 24,2014) ("Relevant case law demonstrates that a previously submitted grievance will suffice to exhaust for future events so long as the prisoner remained in the same situation.") Thus, Suane did not need to file a separate grievance specifically naming Warden Brookhart and Director Jeffreys for failing to act in response to his letters or grievances on the same topic. *See Jones v. Bock,* 549 U.S. 199, 219 (2007) (providing "early notice to those who might later be sued…"has not been thought to be one of the leading purposes of the exhaustion requirement"). Accordingly, the motion for summary judgment filed by Defendants Brookhart, Cunningham, and Jeffreys is denied. (Doc. 94).

## DISPOSITION

For the reasons stated above, the motion for summary judgment (Doc. 94) filed by Defendants Brookhart, Cunningham, and Jeffreys is **DENIED.**

The motion for summary judgment filed by Defendants Shah and Wexford (Doc. 113) is

**DENIED.**

The stay on merits discovery is **LIFTED,** and the parties can proceed with discovery on the merits. A new scheduling order will be entered by separate order.

**IT IS SO ORDERED.**

**DATED:**   August 8, 2022

                                                                    _s/Stephen P. McGlynn_
                                                                   **STEPHEN P. MCGLYNN**
                                                                   **United States District Judge**