IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REMY SUANE,** **#B52215,** | |
| Plaintiff, | Case No. 21-cv-00213-SPM |
| v. | |
| **DR. SHAH,** *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a third motion for preliminary injunction, along with a motion for leave to file supporting medical records, filed by Plaintiff Remi Suane. (Doc. 128, 129). Defendants filed a joint motion for extension of time to respond to the motion due to a delay in acquiring updated copies of Suane's medical records. (Doc. 133). The motion is **GRANTED**, and the response filed by Defendants Shah and Wexford Health Sources, Inc. ("Wexford") is deemed timely filed. (Doc. 136). Further, Defendant Jeffreys is **GRANTED** leave to join co-defendants' response. (Doc. 137).

### MOTION FOR LEAVE TO FILE MEDICAL RECORDS

Suane has filed a motion seeking to file medical records in support of his motion for preliminary injunction. (Doc. 129). The motion is **GRANTED.** The Clerk is **DIRECTED** to file the medical records submitted to the Court on September 7, 2022, as exhibits to Doc. 128, the motion for preliminary injunction. The Court notes that many of the records contain Suane's date of birth. Normally, such personal identifying information should be redacted prior to filing. *See* SDIL-LR 5.1. Because Suane's date of birth, however, is readily available in the public domain

on IDOC's website and for the sake of judicial efficiency, Suane is relieved of his obligation to redact his date of birth and resubmit the medical records.

### MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Remy Suane, an inmate of the Illinois Department of Corrections ("IDOC"), commenced this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Suane claims that he did not receive adequate medical care, specifically treatment for chronic pain, while housed at Lawrence Correctional Center ("Lawrence"). On July 29, 2021, Suane notified the Court that he had been transferred to from Lawrence to Centralia Correctional Center ("Centralia"). (Doc. 27). A few months later, in October, he filed a motion for medical injunctive relief. (Doc. 61). Suane alleged that his current physician at Centralia, Dr. Myers, was not refilling his pain medication. He also requested a new CT scan and to be seen by a new doctor for a second opinion regarding treatment of his hernia. The motion was denied. (Doc. 63). The Court found that the allegations in the motion were outside the scope of the Complaint. Suane was asserting new allegations regarding care at a different facility against staff who are not parties to this suit. The Court noted that it did not have jurisdiction to enter an injunction against individuals who are not litigants. Suane was informed that a motion for a preliminary injunction is not the proper way to amend a complaint to add new claims and new defendants.

A month later, Suane filed another motion for preliminary injunction. (Doc. 75). In the second motion, Suane asserted that Wexford had taken away his pain medication resulting in extreme pain. (*Id.*). Suane asked for the Court to intervene to ensure he receives the medical care he needs and for the Court to order that he be seen by a pain management specialist. (Doc. 87). The Court denied the motion. (Doc. 122). To the extent the motion sought preliminary relief from Defendants Shah, Brookhart, Cunningham, Brooks, and Jeffreys, the Court found that Suane's need for relief from these defendants regarding his care was moot, due to his transfer to a new

correctional facility. His claim against these individuals related to the denial of care specifically at Lawrence. The Court further denied the motion as to Wexford based on Suane's failure to demonstrate a likelihood of success on the merits of his claim. Suane alleges that his constitutional rights were violated due to a Wexford policy that directs staff to consider the cost of the medication over effectiveness when treating inmates. He offered no evidence that the treatment provided by staff was based on the cost of medication, rather than the individual medical judgment of each provider. (*Id.*).

In the current motions for preliminary injunction, Suane again asserts that Dr. Myers refuses to provide him hydrocodone to treat his pain. (Doc. 128). He states that he has tried all the other pain medications he has been offered, and none of them are effective. Suane alleges that he has been waiting two months to be seen by a doctor for new right hip pain and frequent urination. Because of inadequate treatment he has a hard time performing daily tasks, and his pain is constant. He argues that although the employees at Centralia are not parties to this case, they are employees of Wexford, who is a defendant. Suane asserts that Defendant Director Jeffreys is in charge of all IDOC and is doing nothing to "stop [Suane] from being medically abused and neglected." (*Id.* at p. 5-6). Suane asks the Court to order Wexford to prescribe him hydrocodone to treat his pain, take x-rays of his right hip, and send him to an outside pain management specialist. Suane also asks the Court to order that a full time doctor be hired at Centralia or send him out to an outside doctor. He contends that the current part-time doctor cannot adequately care for him and the other inmates at Centralia. (*Id.*).

The motion for preliminary injunction is denied. The underlying claims Suane is prosecuting in this case are all connected to his treatment by Dr. Shah at Lawrence. Suane asserts that once he began being treated by Dr. Shah, Dr. Shah failed to properly treat his pain and other related health issues. He notified Warden Brookhart, Medical Administrator Cunningham, and

Director Jeffreys of the inadequate care he was receiving from Dr. Shah, and they "looked the other way and allowed Dr. Shah to medically mistreat" him. (Doc. 1, p. 10). He has not made any assertion that he is likely to return to Lawrence and again be treated by Dr. Shah. Thus, even though Suane asserts he again is receiving inadequate medical treatment by staff at Centralia, he cannot seek injunctive relief against Defendants Shah, Brookhart, and Cunningham, who are no longer involved in his medical care.

As to the assertion that Suane has notified Director Jeffreys of his current inadequate care, and Jeffreys again "sits back and does nothing to stop [him] from being medicaly[sic] abused and neglected," this is a new claim regarding care at Centralia. A motion for preliminary injunction is not a property avenue to pursue additional claims of deliberate indifference against Director Jeffreys. Additionally, Jeffreys cannot be held liable simply because he is in charge of IDOC. There is no supervisory liability under Section 1983.

As for Wexford, again, there is no evidence that the lack treatment provided at either Lawrence or Centralia is a result of a Wexford policy regarding the cost of medication. Accordingly, Suane has not demonstrated a likelihood of success on the merits of his policy claim.

For these reasons, the motion for preliminary injunction is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   October 11, 2022**

                                                  _s/Stephen P. McGlynn_
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**